```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| KATHLEEN L. PFEIFER,<br><br>              Plaintiff,<br><br>     v.<br><br>NEW JERSEY RE-INSURANCE<br>COMPANY,<br><br>              Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action<br>No. 14-cv-4101 (JBS/AMD)<br><br><br>**OPINION** |

APPEARANCES:

Verne A. Pedro, Esq.
ELLIS GED AND BODDEN, P.A.
1101 Richmond Ave., Suite 201
Point Pleasant, NJ 08742
    Attorney for the Plaintiff

**SIMANDLE**, Chief Judge:

   This matter seeking flood insurance benefits in the wake of Superstorm Sandy is before the Court pursuant to Rule 4(m), Fed. R. Civ. P., which requires that the service of summons and complaint be made upon each defendant within 120 days after the complaint is filed. In this case, the complaint was deemed filed on June 26, 2014, and the last day for service of the summons and complaint was October 24, 2014.

   No affidavit of service was filed by that date, and on November 20, 2014, pursuant to Local Rule 41.1(a), the Clerk of the Court filed a Notice of Call for Dismissal [Docket Item 5] informing Plaintiff Kathleen Pfeifer that her complaint would be

dismissed unless service of process was accomplished before December 5, 2014. Thus, the Court already extended time for service by 40-plus days, until December 5th.

On December 4, 2014, Plaintiff's attorney, Verne A. Pedro, filed an affidavit in response, certifying that service of the complaint was completed on June 24, 2014,[1] and that "[d]ue to an inadvertent clerical error, the Affidavit of Service was not filed until now." [Docket Item 6.] Mr. Pedro further stated that "it appears that service was proper but the Affidavit of Service was not filed and not previously discovered by me or my staff until the Order to Show Cause was filed by the Court." [Id.] Based on counsel's affidavit, the Court withdrew its call for dismissal, upon Mr. Pedro's assurance that service had been completed in a timely manner. [Docket Item 8.]

By motion filed January 20, 2015 [Docket Item 9], Plaintiff's counsel now informs the Court that service of the complaint was in fact not perfected and counsel requests an extension of time to serve. The Certification filed in support states that prior to filing his affidavit on December 4th, Mr. Pedro's office had attempted to serve Defendant twice by serving the New Jersey Department of Banking and Insurance ("DOBI"), and

---

[1] Mr. Pedro's reference to June 24, 2014 is another error he made. That date would have been impossible, being two days before the complaint was even filed. He apparently meant September 24, 2014, as discussed below, see n. 2.

2

had twice received correspondence back that service must be made directly to Defendant's principal place of business in New Jersey.[2] (Pedro Cert. [Docket Item 9-1] ¶¶ 4-7.) Mr. Pedro now states that his "defective" December 4, 2014 affidavit of completed service was filed with the Court "due to an inadvertent clerical error," and the error was not recognized until January 16, 2015. (Id. ¶ 9.) He states that an extension should be granted because dismissal of the complaint under Rule 4(m) may bar Plaintiff's claims because the statute of limitations may have expired. On January 29, 2015, an Affidavit of Service appeared upon the docket [Docket Item 10] indicating that the defendant was served on January 22, 2015, which was while the present application was pending and before any such extension was granted.

Rule 4(m) allows the court to dismiss an action without prejudice if service of the summons and complaint is not made

---

[2] According to the Affidavit of Service attached to Plaintiff's motion, service was attempted on the DOBI on September 24, 2014. (Ex. A to Pedro Cert. [Docket Item 9-2].) Despite receiving a notice on September 29th from the DOBI stating that Defendant "is domiciled in New Jersey and must be served directly at the attached address" (Ex. B to Pedro Cert. [Docket Item 9-3]), Plaintiff's attorney again attempted to serve Defendant by serving the DOBI on October 6, 2014. (Ex. C to Pedro Cert. [Docket Item 9-4].) He promptly received a second notice from the DOBI on October 8th that Defendant may not be served through the DOBI and must be served directly. (Ex. D to Pedro Cert. [Docket Item 9-5].)

within 120 days after filing of the complaint, provided that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If good cause is shown, an extension of time must be granted; absent good cause, however, the complaint may be dismissed at the court's discretion. Moreover, a district court may not consider the fact that the statute of limitations has run until after it has examined whether good cause exists. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995). "If the district court determines that good cause does not exist, only then may it consider whether the running of the statute of limitations would warrant granting an extension of time." Id.

The Court will deny Plaintiff's motion for an extension of time for service. Seven months have elapsed since the Complaint in this action was filed and the single New Jersey-based defendant in this case was not served until three months after the 120-day period expired. Mr. Pedro twice received instruction from the DOBI prior to the 120-day service deadline that service must be made directly upon Defendant's principal place of business. The first notice was sent nearly a month before the last day for service, yet Mr. Pedro provides no explanation for why service was not promptly made at Defendant's address upon receipt of the letter. Nor does he provide any explanation for

why service was not perfected after receiving a <u>second</u> notice four months ago that Defendant must be served directly at its New Jersey address. There is no indication that personal service upon this New Jersey resident corporate defendant was attempted within the Rule 4(m) period.[3]

At best, Mr. Pedro was serially inattentive to the 4(m) deadline. As counsel well knows, "[t]he inadvertence or lack of diligence of counsel are generally insufficient to establish good cause for the extension of the time period for service of process." <u>Cunningham v. New Jersey</u>, 230 F.R.D. 391, 394 (D.N.J. Sept. 12, 2005) (citing <u>Petrucelli</u>, 46 F.3d at 1308); <u>see also</u> <u>Lovelace v. Acme Markets, Inc.</u>, 820 F.2d 81, 84 (3d Cir. 1987).

In this case, Mr. Pedro's conduct amounted to something more than mere inadvertence. This factor of misleading the Court in the December 4th affidavit distinguishes this case from others under Rule 4(m) where some sort of innocent error causing no prejudice could be overlooked. Despite receiving two letters from DOBI notifying him of his failure to effect service, he nonetheless filed a false affidavit to the Court on December 4,

---

[3] Nor do the Affidavits of Service signed by the process server indicating that service was successful excuse counsel's delinquency. Reliance upon a third party or a process server is an insufficient basis to constitute good cause for an extension of time for service. See <u>Braxon v. United States</u>, 817 F.2d 238, 242 (3d Cir. 1987). Moreover, in this case, counsel received <u>explicit</u> notice from the DOBI that service was unsuccessful.

2014 [Docket Item 6] stating that service was perfected. Mr. Pedro does not state that the letters were sent to the wrong address or were given to him late. In fact, the "Received" stamps on the letters indicate that he received the first notification of defective service on September 29th and the second notice on October 9th, well before he filed his incorrect affidavit on December 4th. The Court relied on Mr. Pedro's affidavit of completed service to withdraw its call for dismissal. Aside from another unconvincing claim of "inadvertent clerical error," Mr. Pedro provides no explanation for why he told the Court in December that service was complete when it wasn't. He either did not open the file to see the notifications from DOBI or he disregarded what he found in the file. But for Mr. Pedro's affidavit to the Court, which now appears to be false, this case would have been dismissed on December 5, 2014 for failure to serve. In light of the above, the Court finds that no good cause exists to extend time for service.

    The Court is not persuaded to exercise its discretion to allow an extension of time merely because the one year limitations period in flood insurance cases may bar a subsequent suit.[4] Although the possible running of the statute of

---

[4] The Court makes no determination whether the statute of limitations bars refiling of a new case, but only for purposes of this motion assumes that it does.

limitations is a factor in Plaintiff's favor, "[t]he district court, of course, retains discretion to refuse to extend time, even if the statute of limitations has run." Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997); Petrucelli, 46 F.3d at 1306. Counsel's failure to abide by the requirements of Rule 4(m), even when the deficient service was twice brought to his attention, was inexcusable, and the statute of limitations problem he now encounters was created solely by his own dilatory and careless conduct, and apparently by the lack of paper controls within his office.[5]

    In light of the above, the Court will not exercise its discretion to extend time for service. Accordingly, because Plaintiff's motion is denied and because service was not perfected within 120 days, nor by the extended deadline of December 5, 2014, the case cannot proceed, and it must be dismissed under Federal Rule of Civil Procedure 4(m), without

---

[5] Although counsel attempted service through the DOBI before the service deadline, "'[h]alf-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run." Lovelace, 820 F.2d at 84. That there was no impediment to making proper service is demonstrated by the fact that his process server had no difficulty serving defendant at its corporate headquarters in New Jersey on January 22, 2015, just two days after Mr. Pedro requested such service.

prejudice.[6] The Court will disregard the Affidavit of Service filed January 29, 2015 as untimely. The accompanying Order will be entered.[7]

| | |
|---|---|
| **January 29, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

[6] Because Mr. Pedro corrected his false statement from his December 4th Affidavit upon the record by filing the present application of January 20, 2015, this Court will not consider sanctions for false or misleading statements in Court pleadings or filings under Rule 11, Fed. R. Civ. P. Mr. Pedro will hopefully exercise greater diligence and care in other cases before the Court. He is encouraged to review every file in which he has filed a complaint on behalf of a Superstorm Sandy claimant to assure that all complaints have been timely served and that no incorrect statements to the Court have been made.

[7] Because this dismissal may prejudice Plaintiff's interests, the Order will also require Mr. Pedro to immediately notify his client, Kathleen L. Pfeifer, of this dismissal and the reasons for it, and provide her with a copy of this Opinion and accompanying Order, and shall file an Affidavit within seven (7) days of today's date attesting that he has done so.